IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Robert D. ZAPF, Attorney at Law.

Supreme Court

*No. 84–1971–D. Filed November 5, 1985.*
(Also reported in 375 N.W.2d 654.)

PER CURIAM. *Attorney disciplinary proceeding; attorney publicly reprimanded.*

The referee recommended that Attorney Robert Zapf be publicly reprimanded for unprofessional conduct in connection with two matters in which he participated as district attorney for Kenosha county. The referee also recommended that Attorney Zapf be required to pay the costs of this proceeding. We agree that a public reprimand is appropriate discipline and that Attorney Zapf be required to pay the costs of the proceeding.

Attorney Zapf was admitted to practice law in Wisconsin in 1974, and he has not been the subject of a prior

disciplinary proceeding. However, we previously admonished him for two failures to disclose discoverable material in the course of a criminal trial. *State v. Copening,* 100 Wis. 2d 700, 303 N.W.2d 821 (1981). The referee in this proceeding is Attorney Stewart G. Honeck.

The referee found that Attorney Zapf engaged in unprofessional conduct in two matters. In the first of these, a client of Attorney John Crosetto had been charged with a misdemeanor shoplifting violation. In an effort to reduce the severity of the offense, Attorney Crosetto, having first obtained his client's consent, delivered a psychiatrist's report concerning his client to Attorney Zapf's office. That report was delivered in a sealed envelope, addressed to the district attorney, and marked "Confidential." Attorney Crosetto personally delivered the envelope to Attorney Zapf's secretary, telling her that it was to be given to Attorney Zapf personally and no other person and, further, that if Attorney Zapf could not accept it under those conditions, he should return it unopened to Attorney Crosetto.

In the course of a subsequent telephone conversation, Attorney Zapf told Attorney Crosetto that the psychiatric report would not have any effect on the prosecution of his client and that this decision had been arrived at in an office conference with other lawyers in Attorney Zapf's office. When Attorney Zapf told him the envelope had been placed in the case file and would be open to examination by the public, Attorney Crosetto wrote to Attorney Zapf demanding the return of the sealed envelope containing the report. Attorney Crosetto sent a copy of that letter to the judge presiding in the case.

In response, Attorney Zapf wrote to Attorney Crosetto that Attorney Crosetto had made belligerent and personal remarks about Attorney Zapf in their telephone conversation and stated that Attorney Crosetto was "truly doing a disservice to your client by the manner in

which you discussed this matter and conducted yourself." Attorney Zapf sent a copy of that letter to the presiding judge and to Attorney Crosetto's client, without first obtaining Attorney Crosetto's authorization. There was a second exchange of correspondence in which Attorney Zapf questioned whether Attorney Crosetto had obtained his client's informed consent to the disclosure of the psychiatric information, and Attorney Zapf again sent a copy of his letter to the client.

The referee concluded that, by sending copies of his correspondence to Attorney Crosetto's client without authorization to do so, Attorney Zapf violated SCR 20.38 (1). That rule provides that, during the course of representing a client, a lawyer may not "[c]ommunicate or cause another to communicate on the subject of the representation with a party the lawyer knows to be represented by a lawyer in that matter unless the lawyer has the prior consent of the lawyer representing the other party or is authorized by law to do so."

The second matter in which the referee determined that Attorney Zapf engaged in unprofessional conduct concerned his failure to disclose a statement of a criminal defendant to the defendant's attorney, as required by secs. 971.23(1) and (7), Stats. In the course of a first-degree murder prosecution, after the defendant's attorney had filed a discovery demand, including a demand for any statements made by his client, a witness told District Attorney Zapf that the client had said he had got rid of the knife and was going to turn himself in on the following day. District Attorney Zapf did not disclose that statement to the defendant's attorney, and at the trial he elicited the defendant's statement from the witness. The referee found that Attorney Zapf did so intentionally and that he had planned to use that statement at the trial. The referee then concluded that Attorney Zapf's failure to disclose the defendant's state-

ment when required by law to do so violated SCR 20.36(1)(c).

The defendant's conviction was subsequently reversed by the court of appeals, and this court reversed that decision and reinstated the conviction, concluding that a balancing of the relevant interests weighed against reversal, that the exclusion of the evidence regarding disposal of the knife would not have affected the result, and that the defendant had received a fair trial. *State v. Servantez,* 118 Wis. 2d 177, 347 N.W.2d 352 (1984). In that opinion, the court said, "By reversing the court of appeals' decision we are not condoning District Attorney Zapf's conduct. [Footnote: Under Supreme Court Rule 21.05 attorney misconduct is a matter for the Board of Attorneys Professional Responsibility.]" *Id.,* 203.

Because of District Attorney Zapf's repeated failures to disclose discoverable material to opposing counsel in the course of a criminal trial, we take this opportunity to cite the language of a prior opinion concerning the proper role of a prosecutor in our criminal justice system. We do so for the continued guidance of Attorney Zapf, as well as all other prosecutors in Wisconsin.

"The purpose of trial is as much the acquittal of the innocent as it is the conviction of the guilty. Although the prosecutor acts within the adversary system, there is ample room in that system, at least as far as 'due process' is concerned, to require the state to disclose exculpatory evidence to the accused. The United States Supreme Court, in *Berger v. United States* (1935), 295 U.S. 78, 88, 55 Sup. Ct. 629, 79 L. Ed. 1314, discussed the role of the prosecuting attorney in the following manner:

" 'The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. As

such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor—indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one.'" (Footnote omitted.) *Nelson v. State*, 59 Wis. 2d 474, 208 N.W.2d 410 (1973).

We accept the referee's findings and conclusions in this disciplinary proceeding, and we determine that a public reprimand is appropriate discipline in this matter and that Attorney Zapf be required to pay the costs of the disciplinary proceeding.

IT IS ORDERED that Attorney Robert D. Zapf is publicly reprimanded for unprofessional conduct.

IT IS FURTHER ORDERED that within 120 days of the date of this order Attorney Robert D. Zapf pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a satisfactory showing by Attorney Zapf of his inability to pay the costs within the time specified, the license of Attorney Zapf to practice law in Wisconsin shall be suspended until further order of the court.